```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
```

NOEL ALSTON a/k/a Newell Austin,

                Petitioner,        <u>ORDER</u>

      - against -

                                        Civil Action No.
RAYMOND J. CUNNINGHAM,           CV-05-0765 (DGT)
Superintendent,
Woodbourne Correctional Facility,

                Respondent.

```
---------------------------------------------------------- x
```

TRAGER, J.

This is a petition under 28 U.S.C. § 2254. By order dated March 1, 2005, petitioner was required to show cause why this petition should not be dismissed as time-barred or for lack of subject matter jurisdiction. For the following reasons, his petition is dismissed.

## Background

Petitioner pleaded guilty to attempted robbery in the second degree in the Supreme Court of the State of New York, County of Kings, June 26, 1984. On July 23, 2004, petitioner moved to vacate his judgment pursuant to N.Y. Crim. Proc. Law § 440.10. Petitioner's § 440.10 motion was denied September 20, 2004, and petitioner's subsequent motion to appeal to the Appellate Division, Second Department, was denied December 15, 2004. Petitioner's second motion to vacate his judgment was denied on

December 14, 2004. A petition for a writ of habeas corpus was filed on February 1, 2005 pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.

**Discussion**

Petitioner was ordered within sixty days of the entry of the March 1, 2005, order why this petition should not be dismissed as time-barred or for lack of subject matter jurisdiction. He has not done so.

It is not clear whether petitioner's subject matter jurisdiction is lacking to adjudicate petitioner's claim. Section 2254(a) of Title 28 of the United States Code grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is "in custody." Although petitioner is no longer imprisoned pursuant to his 1984 judgment of conviction, he has not established whether he is under supervised release pursuant to that judgment and, therefore, "in custody" as defined by § 2254(a).

Even were petitioner able to establish this Court's subject matter jurisdiction, petitioner's application should still be dismissed as time-barred. A one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).

2

Petitioner's judgment of conviction became final on July 26, 1984. Since petitioner's conviction pre-dates the effective date of the AEDPA, petitioner had a one-year grace period from the effective date, or until April 24, 1997 in which to file his petition. See Ross v. Artuz, 150 F.3d 97, 102 (2d Cir. 1998). Petitioner's application filed February 1, 2005, is, therefore, untimely. Furthermore, petitioner's 440.10 motion filed July 23, 2004, does not toll the one year limitation period because the limitation period had already expired in April 1997. As discussed in the March 1, 2005, order the period of limitation was not tolled under Section 2244(d)(2) or the doctrine of equitable tolling.

## Conclusion

Accordingly, it is hereby ORDERED that the petition for a writ of habeas corpus is dismissed. The Clerk of the Court is directed to close the case. A certificate of appealability will not issue since petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

Dated: Brooklyn, New York
       September 17, 2008

                                    SO ORDERED:

                                    /s/
                                David G. Trager
                                United States District Judge